## Commonwealth v. H. J. Heinz Co.

*M. Clyde Sheaffer*, for appellant.

*Frank A. Sinon*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for Commonwealth.

RICHARDS, P. J., March 3, 1941.—This is an appeal by defendant from the settlement of the capital stock tax for the fiscal year ending April 30, 1936, in the amount of $71,369.76. A jury trial was waived, testimony taken, and the case duly argued before the court in banc. The only question involved relates to the claim of $2,374,749.32 in the fraction of the taxing formula. In order to understand the situation, it is necessary to outline the facts briefly.

<em>Facts</em>

In recognition of the faithful and efficient services of employes, and for the purpose of interesting them in the success of the company, and to extend compensation beyond the customary wages, the company devised a scheme which was essentially a trust. It bought with company funds outstanding shares of its own stock, issuing certificates in the name of "The Treasurer of H. J. Heinz Company," and so denominated in the general stock ledger. The number of such shares at the end of the tax year was 33,718, having a book value of $5,378,093.40. It entered into an agreement to sell shares to employes, payments to be made primarily from dividends. The number of shares allotted to employes was indicated under their names in a private

stock ledger. No certificates were issued to employes. They had no control over the stock and it was not subject to the demands of their creditors. Furthermore, the company was not obliged in any event to issue the shares to the employes or their estates, having the option to pay the book value in lieu thereof. After the stock was fully paid for, the dividends belonged to the employes.

The stock was not retired by the company. It could be voted by the company and continued to draw dividends. The dividends were used to recoup the company for the cost of the stock. When the tax report was filed dividends had been paid to the extent of $3,003,-344.08 and the company was still entitled to receive $2,374,749.32. It is this latter item which is involved in the present case. The other provisions of the contract need not be mentioned as they have no bearing on the disposition of the case.

The tax settlement was arrived at by means of the formula:

$$\frac{\$28,873,468}{\$50,570,203} \times \$25,000,000 = \$14,273,952.00.$$

The numerator of the fraction represented the taxable assets in Pennsylvania, including the $2,374,749.32. The denominator represented all the assets of the company. The multiplicand was the valuation of the capital stock and included the aforesaid $2,374,749.32. Defendant admits that this sum is an asset of the company, worth face value, but contends: (1) That it should not be included in the numerator of the fraction, or (2) that if not deductible from the numerator alone it should be deducted from both the numerator and the denominator.

### Discussion

Defendant in its brief contends that it had an interest in the trust shares of stock to the value of $2,-374,749.32. With this we agree.

It next contends that this figure should not be included in the numerator of the fraction. In support of this position it points to the decision of this court in Commonwealth v. H. J. Heinz Co., 40 Dauph. 222, where it was held that the shares held in trust were outstanding shares. Since the value of the company in these shares is included in the multiplicand, it is argued that inclusion of the same in the numerator would result in double taxation. We cannot agree with this. If this were true of the trust shares it would be true of all other assets. If no assets valued in the multiplicand could be included in the numerator, the numerator would always be zero. Furthermore, we see no double taxation, for the purpose of the formula is to ascertain the fractional part of the whole valuation which is taxable in Pennsylvania. When the formula is applied, the tax is imposed for the first time, and the question of double taxation is, in our judgment, not involved.

An additional reason is advanced for not including the value of the trust shares in the numerator, namely, that the company's interest therein is equivalent to the ownership of treasury stock; see Commonwealth v. Ajax Metal Co., 29 Dauph. 4. We cannot find any similarity other than the fact that the trust stock was bought with the funds of the company. The trust stock was not retired. It was not strictly in the name of the company. The certificates were not canceled. There was not a right to reissue for cash, because the original was still extant. The stock could be voted and it drew dividends. In other words, it was not treasury stock but outstanding stock.

The third and final contention is that the value of the company's interest in said stock should be deducted from both the numerator and denominator. This is not pressed very hard and we are of the opinion that the contention is not sound. Since the numerator contains taxable assets within the State, and the denominator contains all assets, it follows that the $2,374,749.32 is

properly included in each. We may add that we have been shown no authority for holding to the contrary.

We have approved and adopted all the suggested findings of fact by both parties and the conclusions of law suggested by the Commonwealth. We direct that they be filed with the record of this case. Defendant has made no request for conclusions of law. In addition we make the following

### Conclusions of law

1. The capital stock tax of defendant for the fiscal year ending April 30, 1936, was properly resettled in the amount of $71,369.76.

2. The amount of tax in dispute before this court was $5,869.93.

3. The amount now due the Commonwealth is:

| | |
|---|---|
| Tax due ............... | $71,369.76 |
| Tax paid ............... | 71,369.76 |
| | |
| Balance ........... | None |
| Interest due to May 2, 1939, the date of payment of balance of tax ........... | $1,546.28 |
| Attorney General's commission 5% of amount of tax in dispute ............ | 293.50 |
| | |
| Total due ........... | $1,839.78 |

### Decree nisi

And now, to wit, March 3, 1941, the appeal is dismissed, and judgment is hereby entered in favor of the Commonwealth and against defendant in the amount of $1,839.78, unless exceptions be filed hereto within the time limited by law. The prothonotary is directed to notify the parties or their counsel of this decree forthwith.